READ PHOSPHATE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10238.   Promulgated July 24, 1928.

*J. C. Peacock, Esq.* and *M. H. Barnes, C. P. A.* for the petitioner.
*J. Harry Byrne, Esq.,* for the respondent

OPINION.

MURDOCK: The authority for the use of inventories is contained in section 203 of the Revenue Act of 1918, as follows:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

The Commissioner's Regulations 45, in so far as pertinent to the question here involved, were as follows:

ART. 1581. *Need of inventories.*—In order to reflect the net income correctly, inventories at the beginning and ending of each year are necessary in every case in which the production, purchase or sale of merchandise is an income-producing factor. The inventory should include raw materials and supplies on hand that have been acquired for sale, consumption or use in productive processes, together with all finished or partly finished goods. * * *

ART. 1582. *Valuation of inventories.*—Inventories must be valued at (*a*) cost or (*b*) cost or market, as defined in article 1584 as amended, whichever is lower. Whichever basis is adopted must be applied consistently to the entire inventory. A taxpayer may, regardless of his past practice, adopt the basis of "cost or market whichever is lower", for his 1920 inventory, provided a disclosure of the fact and that it represents a change is made in the return. * * *

Our inquiry in this case must be as to whether or not under the above-quoted regulations of the Commissioner and the section of the Act the items in controversy may be inventoried.

In so far as the coal is concerned, no evidence was introduced as to its use, or as to the reason for its acquisition, and we affirm the action of the Commissioner.

The petitioner bought bags in large quantities, ordering a year's supply in advance; when fertilizer was sold in bags the consumer was charged a higher price than when the sale was in bulk. Sometimes when the petitioner had an oversupply of bags on hand it sold them as bags to bag manufacturers, to competitors, and to farmers. The petitioner never disposed of bags in any other way. They were acquired for sale or use in productive processes and we can not see that to inventory them would conflict with the best accounting practices of the trade or business. The Commissioner was in error in valuing such bags at cost instead of at market.

*Judgment will be entered under Rule 50.*